Jiang v. Holder

BIA
Van Wyke, IJ
A089 922 661

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand thirteen.

PRESENT:
>    ROBERT D. SACK,
>    BARRINGTON D. PARKER,
>    DEBRA ANN LIVINGSTON,
>        *Circuit Judges.*

_____

GUANG QING JIANG, AKA YANG,
>        *Petitioner,*

v.                                      12-3045
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Farah Loftus, Century City,
                       California.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy
                       Assistant Attorney General; Russell
                       J. E. Verby, Senior Litigation
                       Counsel; John D. Williams, Trial
                       Attorney, Office of Immigration
                       Litigation, U.S. Department of
                       Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guang Qing Jiang, a native and citizen of the People's Republic of China, seeks review of a July 11, 2012, decision of the BIA, affirming the April 25, 2011, decision of Immigration Judge ("IJ") William P. Van Wyke, denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guang Qing Jiang*, No. A089 922 661 (B.I.A. July 11, 2012), *aff'g* No. A089 922 661 (Immig. Ct. N.Y. City Apr. 25, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions as to Jiang's credibility "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications governed by the REAL ID Act, such as the application in this case, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the applicant's demeanor, the plausibility of the applicant's account, and inconsistencies in his statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's adverse credibility determination.

In finding Jiang not credible, the IJ reasonably relied on Jiang's demeanor, noting that his testimony appeared memorized from a script and was at times hesitant and evasive when deviating from that script. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). That finding is supported by the hearing transcript.

The agency's adverse credibility determination is further supported by specific examples of inconsistencies between Jiang's testimony and other record evidence. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of

3

observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). Indeed, the agency reasonably found inconsistent statements regarding whether Jiang knew his fellow congregants in China from school, when he was fired from his job, and whether he had informed his fellow congregants in the United States of the harm he had suffered in the past. *See Xiu Xia Lin*, 534 F.3d at 163-64. Jiang failed to provide compelling explanations for these discrepancies. *See Majidi*, 430 F.3d at 80-81.

Finally, having questioned Jiang's credibility, the agency reasonably relied further on his failure to provide reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). An applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because "the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Id.* Here, the agency reasonably declined to credit the letter from Jiang's father regarding his claim of past persecution because it was strikingly similar to Jiang's statement, and because it was prepared by an

4

interested witness who was not available for cross-examination. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). In addition, the agency reasonably noted that Jiang's father's letter did not corroborate his claimed fear of future persecution, and that Jiang failed to present the testimony of his current pastors or fellow congregants in the United States.

Given the lack of corroboration, as well as the demeanor and inconsistency findings, the agency's adverse credibility determination is supported by substantial evidence, and was dispositive of Jiang's claims for asylum, withholding of removal, and CAT relief. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Accordingly, we need not reach the agency's alternative burden of proof finding.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

5

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk